# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 7. Mediation Questionnaire

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form07instructions.pdf

| | |
|---|---|
| **9th Cir. Case Number(s)** | 22-16153 |
| **Case Name** | GTE Mobilnet of California L.P. v. City of Carmel-by-the-Sea |
| **Counsel submitting this form** | Mackenzie & Albritton LLP |
| **Represented party/ parties** | Plaintiff and Appellant GTE Mobilnet of California L.P. d/b/a Verizon Wireless ("Verizon Wireless") |

*Briefly describe the dispute that gave rise to this lawsuit.*

Verizon Wireless applied for a conditional use permit to install a wireless facility in Carmel-by-the-Sea ("City") to fill a growing coverage gap. FCC regulations require the City to "act upon" such applications within a specified period of time (the so-called "shot clock" deadlines), and upon the City's denial, Verizon Wireless has only 30 days to appeal by filing suit in federal court. Because Verizon Wireless understands "act upon" to mean the delivery of a written notification of denial, and because it needs to understand the basis for the City's denial in order to determine whether or not to appeal, it contacted the City and asked it to send a copy of its written denial resolution as soon as it was available. The City assured Verizon Wireless that it was "working on getting it to you." However, the City then "issued" (signed) the denial resolution but never delivered it, or any other written notification of denial, to Verizon Wireless. Nor did the City advise Verizon Wireless that the denial resolution had been issued, or post the denial resolution on its website. The City thereby prevented Verizon Wireless from knowing either (1) the findings upon which the City's denial was based or (2) when its 30-day statute of limitations started to run.

After the City's shot clock deadline had passed, Verizon Wireless filed this lawsuit seeking an injunction directing the City to issue all necessary permits for the proposed facility.

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

Form 7     1     *Rev. 12/01/2018*

*Briefly describe the result below and the main issues on appeal.*

The district court converted the City's motion to dismiss into a summary judgment motion and granted it, holding that the TCA imposed no obligation upon the City to deliver its denial resolution, or any other written notification of denial, to the applicant. The district court also held that the City's written assurance that it was "working on getting it to you" imposed no obligation upon the City to actually do so.

The sole issue raised by this appeal is: Does the TCA allow a municipality to "issue" (by signing) a denial resolution for an application to install a wireless facility in private, without ever delivering it (or any other written notification of the[denial]) to the applicant and without even notifying the applicant that it had been issued, thereby concealing from the applicant both (1) the findings upon which its denial was based and (2) the date upon which the applicant's 30-day statute of limitations started to run?

*Describe any proceedings remaining below or any related proceedings in other tribunals.*

The City has filed a motion seeking to recover its attorney fees in the amount of $77,583.40. That motion is set for hearing on September 14, 2022.

**Signature** /s/ Mark L. Mosley  **Date** August 8, 2022

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

Form 7  2  *Rev. 12/01/2018*